**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Benjamin Hale Hamilton, | No. CV-18-08088-PCT-JJT (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, *et al.*, | |
| Respondents. | |

At issue is the Report and Recommendation (Doc. 44, "R&R") issued in this matter by United States Magistrate Judge James F. Metcalf recommending that the Court dismiss with prejudice several of the grounds in the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 12, "Petition") as procedurally defaulted, and deny the remainder on the merits. Petitioner timely filed an Objection (Doc. 47, "Obj."), to which Respondents filed a Reply (Doc. 48).

In a lengthy, thorough and painstakingly detailed and justified 35-page R&R, Judge Metcalf correctly concluded that Grounds 1, 2A and 3B must be dismissed with prejudice as each is procedurally defaulted with no showing of cause and prejudice to excuse the default; and that Grounds 2B through 2F fail on an evaluation of the merits and thus must be denied.[1] Finally, although Petitioner withdrew his Ground 3A, the Court nonetheless adopts Judge Metcalf's conclusion that 28 U.S.C. § 2254(i) bars Petitioner's ineffective assistance of counsel ("IAC") claim as against his state PCR counsel, and thus will deny it.

---

[1] The R&R notes, and the Court agrees, that in the alternative, Ground 2A would fail on its merits, were the Court to reach those merits.

As the R&R so thoroughly treats with the analysis of each of these many grounds and the Court adopts that analysis in full, it will not restate same here. Rather, the Court will address the specific analytical points of the R&R to which Petitioner raises actual objections. It need not and will not address the vast majority of the Objection which merely repeats the arguments he made in the Petition, Reply and separate Replies to Respondent's First and Third Supplements (Docs. 12, 18, 22, 39), as that content presents no basis on which to reject the R&R's conclusions. *See Sullivan v. Schriro*, No. CV-04-1517-PHX-DGC, 2006 WL 1516005 at *1 (D. Ariz. May 30, 2006).

Petitioner makes only two substantive arguments in his Objection: 1) that in evaluating his Ground 3B argument that trial counsel was ineffective for failing to raise a mere presence defense, Judge Metcalf wrongly concluded the claim was not substantial for purposes of analysis under *Martinez v. Ryan*[2]; and 2) Judge Metcalf wrongly made "credibility determinations" regarding the affiants who would support a contradictory alibi defense. (Obj. at 2-3.) The Court is unpersuaded by either of these arguments.

First, Judge Metcalf correctly concluded that the claim of IAC by trial counsel for failure to raise a mere presence defense (Ground 3B) was procedurally defaulted, and Petitioner does not so dispute. But Petitioner can overcome such a procedural default with a showing of cause and prejudice surrounding that default. To make that showing, *Martinez* requires that Petitioner first demonstrate: 1) ineffectiveness of trial counsel within the meaning of *Strickland v. Washington*[3]; and 2) that such ineffectiveness was substantial. For purposes of this analysis, the Ninth Circuit holds that ineffectiveness is substantial when "the claim has some merit." *Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012)(cleaned up). Conversely, a claim of ineffectiveness is insubstantial where "it does not have any merit" or "is wholly without factual support." *Detrich v. Ryan*, 740 F.3d 1237, 1245 (9th Cir. 2013).

In evaluating the claim, Judge Metcalf presumed the first prong of *Martinez* was satisfied, and assumed *arguendo* that trial counsel's decision not to seek the mere presence

---

[2] 132 S. Ct. 1309 (2012).
[3] 104 S. Ct. 2052 (1984).

instruction was ineffective assistance. (R&R at 20.) Turning to analysis of whether trial counsel's failure to pursue a mere presence defense was "substantial," Judge Metcalf necessarily evaluated the evidence on the record before him. To the extent Petitioner assigns error to that action, he is incorrect. In a habeas proceeding, the Court is required to evaluate the information available to support an IAC claim when presented with a *Martinez* analysis.[4] Judge Metcalf evaluated the information the parties here presented to determine whether it meets the threshold set forth in *Martinez*, as he was required to do, and upon review of the record in this matter, the Court agrees with his conclusion.

The sole information Petitioner cites to advance his mere presence defense argument is his acknowledgement to his trial counsel that he was present at the shooting. Even considered standing alone, this piece of information does not have merit as, and does not present "factual support" for, an IAC claim for failure to pursue the defense within the meaning of *Detrich*. It is diminished further when the Court considers the existence of substantial evidence contrary to the argument of mere presence, including Petitioner's admission to a friend that he was the shooter, accomplice testimony stating the same, and evidence that he and two others agreed to lure and attack the victim as retribution. To the extent Petitioner argues consideration of these three pieces of evidence constitutes an impermissible "weighing," the Court disagrees. The information is properly evaluated in the *Martinez* analysis, at a minimum because it informs the Court as to the reasonableness of trial counsel's strategic decision to pursue or avoid a defense and reinforces *Strickland*'s presumption that "the challenged actions of counsel were 'sound trial strategy'" in furtherance of the highly deferential standard applied here. But in any event it is permissibly considered by the Court in determining whether the *Martinez* threshold is met.

Second, to the extent Petitioner argues Judge Metcalf made credibility determinations about Petitioner's putative alibi witnesses, he is incorrect. A careful review of the R&R shows Judge Metcalf made no determinations of credibility. Judge Metcalf

---

[4] Petitioner also argues Judge Metcalf erred by making such determination without first holding a evidentiary hearing. This is incorrect. The record is the record, and it contains

recited the PCR court's findings, which he evaluated with the standard of deference dictated by AEDPA, and nothing more. This was not error.

IT IS ORDERED overruling the Objection (Doc. 47) and adopting the R&R's (Doc. 44) recommendations and underlying analysis.

IT IS FURTHER ORDERED denying and dismissing the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 12) as follows:

1.     Grounds 1, 2A and 3B are dismissed with prejudice;

2.     Grounds 2B through 2F, and 3A are denied.

IT IS FURTHER ORDERED denying a Certificate of Appealability in this matter. Regarding the procedural rulings, jurists of reason would not find debatable whether the Court was correct in them. Regarding denials on the merits, such jurists would not find the Court's assessment of the constitutional claims debatable or wrong.

IT IS FURTHER ORDERED directing the Clerk of Court to close this matter and enter judgment accordingly.

Dated this 10th day of June, 2021.

_____
Honorable John J. Tuchi
United States District Judge